UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNGEL SHELLING** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1247** |
| **JOSE DELEON, JR., ET AL.** | **SECTION: "S" (4)** |

### ORDER

Before the Court is Defendant, Vanliner Insurance Company's, ("Vanliner") **Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents (R. Doc. 5)**, seeking an Order from this Court compelling responses to discovery requests propounded upon Plaintiff, Ungell Shelling ("Shelling"). The motion is unopposed. The motion was noticed for submission on August 29, 2012, continued until September 5, 2012, and heard on the briefs on that date.

### I.    Background

This is a personal injury action arising from an automobile accident. Shelling alleges that on or about September 22, 2011, she was traveling southbound on Camp Street in New Orleans when she was struck by a car operated by Jose Deleon, Jr., ("Deleon"), while in the scope of his employment with Plycon Van Lines ("Plycon"), in a vehicle insured by Vanliner (collectively, "Defendants.") (R. Doc. 1-2, p. 1).[1] Shelling alleges that Defendants' negligence caused the accident, and that as a result

---

[1] This case was originally filed in Orleans Parish on March 6, 2012. (R. Doc. 1-1, p. 1). It was duly removed to the U.S. District Court for the Eastern District of Louisiana on May 15, 2012. (R. Doc. 1).

of the accident she has suffered "severe and painful personal injury, including but not limited to all bones and muscles of the body, nerves, ligaments, tissues and blood vessels, and more particularly injuries to her back and neck." *Id.* at 2.  Neither Vanliner nor any of the other defendants have filed an Answer to Shelling's Complaint since the case was removed.  There is no evidence that a Rule 26(f) conference occurred.

As to the instant motion, Vanliner argues that it propounded Interrogatories and Requests for Production of Documents upon Shelling on or about March 22, 2012, but has not yet received any responses, and that attempts to set up a Rule 37.1 conference have been unsuccessful. The motion is unopposed.  The motion was heard on the briefs on September 5, 2012.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Rule 33 provides that a party may request up to 25 written Interrogatories, and a party served with the same must respond within 30 days of service.  Rule 33(a)-(b).  Similarly, Rule 34 provides

that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at (b)(2)(A).

Rule 37 mandates that upon filing a motion to compel, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* at 37(a)(1). Further, Rule 37 provides for attorneys fees on the adverse party if the motion is denied, but "must not order this payment if the motion was substantially justified or other circumstances make award of expenses unjust." *Id.* at 37(a)(5)(B). Further, in a situation where a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." *Id.* at 37(a)(5)(C).

### III.  Analysis

In support of its motion, Vanliner argues that it propounded the instant requests upon Shelling on or about March 22, 2012. (R. Docs. 5-1, p. 1; 5-2; 5-3). Vanliner further argues that on April 18, 2012, it contacted Shelling to request compliance with the motion to compel within 15 days. (R. Doc. 5-5, p. 1). Vanliner then argues that it attempted to contact Shelling by telephone, but Shelling did not participate in the call. *Id.* at 2. Vanliner brought the instant motion on July 17, 2012.

The Court finds that although Vanliner brought its motion to compel well in excess of the 30-day production requirements under Rules 33 and 34, there is no indication that a mandatory Rule 26(f) conference was conducted prior to the filing of that Motion. Nor do the relevant filing dates in this case suggest to the Court that the presence of a Rule 26(f) conference can be implied. For example, the Notice of Removal was filed on May 15, 2012 (R. Doc. 1-1, p. 1). Other trial courts in this Circuit

have found that filing a notice of removal qualifies as an appearance. *See Partners In Funding Inc. v. Quest Capital Resources, LLC*, 2007 WL 471128, at *2 (S.D. Tex. Feb. 8, 2007). According to Rule 16(b)(4), the District Court must issue a Scheduling Order any case no later than 90 days after any Defendant has made an appearance. *Id.* According to Rule 26(f), parties to a suit must conduct a discovery conference no later than 21 days before a Rule 16 Scheduling Conference.

In this case, there does not appear to be a Scheduling Order in place as of the date of the issuance of this Order. Clearly, a Rule 26(f) Conference could not have occurred, because any such conference would have to take place no later than 21 days prior to the entry of a Rule 16 Scheduling Conference. Rule 26(f)(1). Without any evidence of a Rule 26(f) conference, the Court may not condone Vanliner's discovery.[2] Therefore, Vanliner's motion must be denied.

### IV.  Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, Vanliner Insurance Company's, ("Vanliner") **Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents (R. Doc. 5)** is **DENIED**.

New Orleans, Louisiana, this 1st day of November 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Admittedly, on March 22, 2012, while the case was still in Louisiana State Court, Vanliner propounded Requests for Admission upon Shelling regarding the amount of damages she claimed. (R. Doc. 1-4, p. 1). On May 3, 2012, Shelling responded to Vanliner's Requests. (R. Doc. 1-4, p. 4). However, this filing occurred *prior* to removal of the case, and was thus governed by Louisiana law. By contrast, Vanliner's Motion to Compel was filed *after* removal, and thus is subject to the Federal Rules of Civil Procedure.